**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**RODNEY WHITE,**

                      **Plaintiff,**

           v.                                           5:11-CV-309
                                                                    (FJS/ATB)

**NEW YORK STATE OFFICE OF CHILDREN
AND FAMILY SERVICES,**

                      **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **RIVKIN RADLER LLP**<br>9 Thurlow Terrace<br>Albany, New York 12203<br>Attorneys for Plaintiff | **JOHN F. QUEENAN, ESQ.** |
| **BARCLAY DAMON LLP**<br>80 State Street<br>Albany, New York 12207<br>Attorneys for Plaintiff | **BRIAN M. CULNAN, ESQ.** |
| **CALIHAN LAW PLLC**<br>16 West Main Street<br>Rochester, New York 14614<br>Attorneys for Plaintiff | **ROBERT B. CALIHAN, ESQ.** |
| **OFFICE OF THE NEW YORK<br>STATE ATTORNEY GENERAL**<br>615 Erie Boulevard West, Suite 102<br>Syracuse, New York 13204-2455<br>Attorneys for Defendant | **TIMOTHY P. MULVEY, AAG** |

**SCULLIN, Senior Judge**

# ORDER

     In his complaint, Plaintiff alleged claims against Defendant New York State Office of

Children and Family Services ("OCFS"), among others, for violating Title VII, 42 U.S.C. § 1983, and the Equal Protection Clause of the United Stats Constitution arising from his removal as Youth Facility Director of Finger Lakes Residential Center ("Finger Lakes"). After a five-day trial, the jury returned a verdict, dated December 15, 2017, finding that Defendant OCFS had violated Title VII by unlawfully discriminating against Plaintiff when it removed him from his position as Youth Facility Director of Finger Lakes and awarded Plaintiff **$1.5 million** in compensatory damages.

Thereafter, Plaintiff filed a motion seeking the equitable relief to which he claimed he was entitled as a result of the jury's finding of liability against Defendant OCFS. *See* Dkt. No. 108. In a Memorandum-Decision and Order dated July 8, 2019, the Court granted in part and reserved in part Plaintiff's motion. *See* Dkt. No. 121 at 9. The Court also found that Defendant OCFS was liable to Plaintiff for lost wages in the amount of **$183,313.68** and for lost pension income presently due and owing in the amount of **$31,149.72**.

Although the Court found that Defendant OCFS was liable to Plaintiff for lost future pension income, it reserved on the determination of the amount of such income and ordered Defendant OCFS to file and serve "a letter brief and accompanying explanation of its calculations of what salary Plaintiff would have received as a Youth Facilities Director, at the M/C, Grade M-4 level, from the time of his demotion in 2010 to the date of his retirement on April 28, 2016, within twenty (20) days of the date of this Memorandum-Decision and Order." *See id.* The Court also ordered Plaintiff to file a response to Defendant OCFS's submission on this issue. *See id.* at 9-10.

In compliance with the Court's Order, Defendant OCFS filed its letter brief on July 15, 2019, calculating that Plaintiff's earnings at the M-4 level for the period between August 19, 2010 and April 28, 2016, totaled **$610,241.77**. *See* Dkt. Nos. 122, 122-1. Plaintiff filed his response on July

24, 2019, consenting to Defendant OCFS's calculation of his salary for the relevant period. *See* Dkt. No. 123. Based on the Court's July 8, 2019 Memorandum-Decision and Order and the parties' submissions in response to that Order, the Court found that Defendant OCFS was liable to Plaintiff in the amount of **$610,241.77** for the salary that Plaintiff would have received as a Youth Facility Director, at the M/C Grade M-4 level from the time of his demotion on August 19, 2010, until his retirement on April 28, 2016. *See* Order dated August 29, 2019, at 3. The Court further ordered Defendant OCFS to file the required paperwork with the New York State Retirement System to adjust Plaintiff's pension benefits in accordance with Defendant OCFS's salary calculations by **September 30, 2019**. *See id.* The Court also found that Defendant OCFS was liable to Plaintiff for lost pension income presently due and owing from January 1, 2018, to October 31, 2019, in the amount of **$30,168.60** ($1,371.30 multiplied by 22 months). Finally, the Court ordered Defendant OCFS to file and serve written confirmation by October 14, 2019, that the adjustment of Plaintiff's pension benefits based on Defendant OCFS's salary calculations would take effect on November 1, 2019. *See id.*

In a letter dated October 1, 2019, Defendant OCFS informed the Court that it had notified the Attorney General that, upon entry of judgment, "it was prepared to release payment of [P]laintiff's 'back pay' award of $183,313.68 which represents the total amount of $610,241.77 [P]laintiff would have been paid at the 'M4' salary level less the $426,928.09 already paid to [P]laintiff as [a] civil service level 21 employee." *See* Dkt. No. 125.

Defendant OCFS also notified the Court that it had submitted the necessary documents to the New York State and Local Retirement System for Plaintiff's pension adjustment award pursuant to the Court's August 29, 2019 Order. Defendant OCFS also advised the Court that it could not

confirm that the adjustment would take effect on November 1, 2019 unless or until judgment is entered against it. *See id.*

Finally, Plaintiff seeks attorney's fees in the amount of $357,153.50, and costs and expenses in the amount of $27,910.76. *See* Dkt. No. 109. Defendant OCFS partially opposes Plaintiff's request, asserting that the amounts Plaintiff seeks are excessive for several reasons. *See* Dkt. No. 113 at ¶ 3. Specifically, Defendant OCFS argues that "the number of compensable hours claimed by plaintiff's counsel are excessive for time spent unsuccessfully defending a motion for partial summary judgment, Plaintiff's counsel is not entitled to full hourly rate for travel time, plaintiff was not a 100% 'prevailing party' at trial [and, therefore,] plaintiff should be required to pay 25% of his attorney's fees." *See id.* Finally, Defendant OCFS stated that it took no position as to the hourly rates Plaintiff sought. *See id.* at ¶ 4.

The Court has reviewed Plaintiff's submissions regarding his request for attorney's fees and costs and expenses and finds that the hourly rates he seeks for the work of various attorneys, law clerks and paralegals are in line with hourly rates for similar work by attorneys with similar experience in this District. Moreover, the Court finds that the hours those professionals expended on this matter are reasonable. However, the Court agrees with Defendant OCFS that the hourly rate for travel time should be one-half of that individual's hourly rate. Therefore, the Court will deduct **$6,580.50** from the total amount of attorney's fees that Plaintiff seeks. Finally, the Court finds that the expenses and costs that Plaintiff seeks are reasonable and related to the prosecution of this action. Therefore, the Court will award Plaintiff **$350,573.00** in attorney's fees and **$27,910.76** in costs and expenses related to this action.

Accordingly, in light of the Court's previous Orders as well as the parties' submissions, the Court hereby

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff against Defendant in amount of **$2,091,966.04,** calculated as follows

| | |
|---|---|
| Compensatory Damages | $1,500,000.00 |
| Back Pay Award | $   183,313.68 |
| Lost pension income presently due and owing | $     30,168.60 |
| Attorney's fees | $   350,573.00 |
| Costs and expenses | $     27,910.76 |
| **TOTAL** | **$2,091,966.04** |

plus pre-judgment interest calculated pursuant to 28 U.S.C. § 1961(a) until the date judgment is entered and post-judgment interest calculated pursuant to 28 U.S.C. § 1961(a) from the date judgment is entered until Defendant OCFS satisfies the judgment; and the Court further

**ORDERS** that Defendant OCFS shall advise the appropriate authorities and file the required paperwork with the New York State Retirement System to adjust Plaintiff's pension benefits in accordance with Defendant's OCFS's salary calculations and that such adjustment shall take effect on **November 1, 2019**.

**IT IS SO ORDERED.**

Dated: October 4, 2019
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge